YABUCOA SUGAR CO., Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent.

No. 560. Argued February 24, 1927.—Decided March 7, 1927.

*H. G. Molina* and *Francisco González* for the petitioner. *Luis Campillo* and *R. H. Blondet* for the defendant in the main action.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

In this certiorari proceeding we were asked to review the action of the lower court of February 12, 1927, in appointing a receiver, though the manner of bringing this action by the plaintiff differs from that in the case of *Nevares Brothers* v. *District Court, ante,* page 323. Nevertheless, the incidental question involved in connection with the appointment of a receiver is more or less the same in substance.

In the present case the plaintiff-petitioner, The Yabucoa Sugar Company, forestalled the action of unlawful detainer which the defendants intended to bring against it, and they were estopped therefrom by means of an injunction *pendente lite,* which was one of the remedies sought pending a final decision as to the extension of a certain lease for another term of five years which the plaintiff alleges to have made with defendants from December 31, 1926, the date of the expiration of a lease executed on February 19, 1917, in favor of the plaintiff by Luisa Boudens Cora, the mother of the defendants, for the term of ten years.

The complaint alleged also that Luis Rafael Díaz, one of the heirs of Luisa Boudens Cora, leased to the plaintiff on December 22, 1926, for five years, his undivided share in the property described in the complaint, and that there is on that property a cane crop planted and cultivated by the plaintiff which was ready for harvest at the expiration of the original lease on December 31, 1926.

In connection with the cane crop the defendants filed a

motion for the appointment of a receiver which in its pertinent part says:

"MOTION FOR THE APPOINTMENT OF A RECEIVER. Defendants herein appear through their counsel and respectfully motion the court:

"1. That The Yabucoa Sugar Co. brought this action by a complaint dated December 31, 1926, filed in this court under No. 11909 based on the following facts made under oath:

\* \* \* \* \* \* \*

"2. That there is on the property the object of this suit a cane crop of 160 acres approximately, which is ripe and ready to be ground in the grinding season that begins in the middle of January, 1927.

"4. That defendants José Luis, Ramón and Carlos Díaz Boudens represent a majority of the rights and actions in the joint ownership of said property and therefore the owners of the crop existing on said property.

"5. That The Yabucoa Sugar Co. with the intention of depriving the petitioners, that is to say, the co-owners, of the possession thereof, and with the deliberate intention of grinding the cane planted on the property and appropriating to itself the return therefrom, filed in this court the aforesaid complaint, based on the facts alleged in the first paragraph of this motion, filing at the same time a petition for a restraining order to enjoin defendants from exercising their rights on their property; and obtaining from the court a restraining order enjoining the latter or their attorneys from exercising the action of unlawful detainer againts defendants, namely the detainers of the property, and therefore the aforesaid Yabucoa Sugar Co. being left at liberty to grind the cane planted on the said property.

"6. That plaintiff Yabucoa Sugar Co. proposes to grind the aforesaid cane as soon as its sugar mill begins to grind, namely, on January 15, 1927, with the deliberate intention as above stated of keeping the returns thereof.

"7. That the lease granted by co-owner Luis Rafael Díaz confers only on the Yabucoa Sugar Co. the rights of a co-owner during the term of the lease as regards the management and better use of the thing held in common.

"8. That unless a receiver is appointed to take charge of the property and of the cane pending decision on the merits of the action brought by The Yabucoa Sugar Co., the petitioners will be injured

considerably, as said property and the crops thereon are under the exclusive control of plaintiff which would keep the product, causing thereby a lot of litigation in order to determine the value of the crops and their net return, as petitioners do not possess any information in regard thereto.''

As may be seen from the motion, it aimed to have the same effect as if it had been filed in an action of unlawful detainer. It is a case of cane in matured condition ready to be ground at the expiration of the original contract, planted and cultivated during its life. In the absence of an express provision in the deed of February 19, 1917, governing said lease, to the effect that the cane standing at the termination of the lease would be left for the benefit of the owner of the land, there are no facts to establish *prima facie* a case justifying the appointment of a receiver under the circumstances. We have examined the contract and have found only the following clause:

"Fifth.—All the improvements made on the leased property shall remain at the expiration of this contract for the exclusive benefit of the owner thereof who is the lessor without any obligation on her part to give any compensation or discount whatever from the rent on that account."

But the word "improvements" does not include growing crops. Manresa, vol. 4, p. 266, 3rd ed., defines the word "improvement" as follows:

"The result of expenditure either for useful or recreational purposes are called improvements. Those are useful improvements which increase the income or produce a real benefit or profit, and recreational when they are for ornament or comfort, which embellish the thing and are not caused by necessity or the idea of profit."

In the same volume, p. 265, giving examples illustrating what constitutes expenditure either for useful or ornamental things, it is said:

"A wall around a property, a ditch for watering, the planting of vines on wild land, the installation of electric light or bells, or of an elevator, is expenditure which improves the property and is bene-

ficial to its possessors. To make a garden in the premises, with fountains, statues, summer-houses, to decorate the ceilings with pictures and the walls with reliefs or the floors with mosaics, etc., are expenditures for pure luxury or mere recreation, which though sometimes occasionally increase the value of the thing are not useful to everybody.''

For the foregoing reasons the order of February 12, 1927, must be set aside and declared null and void.